IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA SHARP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:14-CV-00663 |
| | : | (JUDGE MARIANI) |
| NEW JERSEY DISCOUNT TIRE, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I.    Introduction

Presently before the Court is a Motion to Set Aside the Clerk of Court's Entry of

Default (Doc. 26). For the reasons that follow, the Court will grant the Motion insofar as it

seeks dismissal of this case for lack of subject matter jurisdiction, thus making the entry of

default null and void.

### II.    Factual Background and Procedural History

This action arises out of "severe, painful, disabling and permanent injuries" that the

Plaintiff, Melissa Sharp, allegedly experienced from an automobile accident on July 13,

2012. (*See* Compl., Doc. 1, at ¶ 20.) According to the Complaint, the Plaintiff attempted to

buy four new Goodyear tires from Defendant New Jersey Discount Tire on July 12, 2012.

(*Id.* at ¶ 4.) But it goes on to allege that, unbeknownst to Plaintiff, Defendant did not provide

her with Goodyear tires, but rather "installed four (4) Max Tour tires on the Subject

Vehicle—significantly inferior tires in name, brand and quality." (*Id.* at ¶ 6.) The next day,

while travelling to meet an acquaintance, "Plaintiff's right tire blew out, causing Plaintiff to lose control of her car," which "left the road and violently collided with a tree head on." (*Id.* at ¶¶ 10-11.) The Plaintiff, who sustained severe injuries, then instituted this lawsuit against New Jersey Discount Tire, on the grounds that Discount Tire was liable to her "by selling, installing, assembling, testing and/or inspecting the tires and/or component parts in a negligent, reckless and unreasonable manner." (*Id.* at ¶ 17.)

The Complaint was filed on April 7, 2014. A Summons was returned executed on June 3, 2014, which represented that Defendant was served at its regular place of business on May 29, 2014. (*See* Doc. 5.) But the Defendant never filed an answer and the Clerk entered default on July 1, 2014. (*See* Doc. 9.) Because the damages in this case were not for a sum certain the Plaintiff then requested a hearing for the Court to determine the amount of damages and, presumably, to enter default judgment. (*See* Molly Clark Letter, Aug. 4, 2014, Doc. 10, at 1.) The hearing was originally scheduled for November 19, 2014, (*see* Scheduling Order, Aug. 6, 2014, Doc. 12, at 1), but was later continued until December 12, 2014 upon Motion by the Plaintiff, (*see* Order, Nov. 4, 2014, Doc. 19, at 1.) At Plaintiff's request, the Court also directed the Defendant's owner, one Paul Spadola, to attend a deposition at Plaintiff's counsel's law offices on December 10, 2014. (*See* Order, Nov. 17, 2014, Doc. 21, at 1.) The record reflects that Mr. Spadola was deposed at the date and time ordered by the Court. Around this time, counsel for the Defendant entered an appearance

and moved to continue the damages hearing until January 23, 2015, which Motion was granted. (*See* Docs. 23-25.)

On January 1, 2015, Defendant filed the instant Motion to Set Aside the Clerk's Entry of Default. (*See generally* Mot. to Set Aside Default, Doc. 26.) The damages hearing was continued until the Court ruled on the Motion to Set Aside. (*See* Doc. 20). Upon request of counsel, (*see* Molly Clark Letter, Feb. 17, 2015, Doc. 35, at 1), the Court scheduled oral argument on the Set-Aside Motion, which took place on May 21, 2015.

Through the course of briefing and at oral argument, it became clear that the crux of the Motion to Set Aside Default is actually Defendant's claim that this Court lacks subject matter jurisdiction over the case, due to a lack of diversity. Even though the Defendant business operates out of New Jersey, Defendant argues that it is in fact a Pennsylvania citizen. That is because it is organized as a sole proprietorship, which, Defendant argues, takes on the citizenship of its sole proprietor. But the sole proprietor in this case is Paul Spadola, who Defendant alleges is both a citizen and resident of Pennsylvania. Because Plaintiff is also a citizen of Pennsylvania, then Defendant's argument, if accepted, would compel the Court to conclude that diversity jurisdiction does not exist.

Having heard argument and received multiple submissions on this matter, the Court agrees with the above-stated position and concludes that the case should be dismissed for lack of subject matter jurisdiction. Because this finding obviates any need to address the

3

issue of setting aside default, this Opinion will only address the existence of subject matter jurisdiction.

### III.   **Standard of Review**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (internal citations omitted).

> [T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

The instant case implicates one of the firmest bases for federal jurisdiction: jurisdiction by diversity of citizenship. *Cf. Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 67-68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996) ("The Constitution provides, in Article III, § 2, that '[t]he judicial power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States.' Commencing with the Judiciary Act of 1789 . . . Congress has constantly authorized the federal courts to exercise jurisdiction based on the diverse citizenship of parties."). The current version of the general diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1).

A Motion to Dismiss for lack of subject-matter jurisdiction is properly made under

Federal Rule of Civil Procedure 12(b)(1) when a party believes that no diversity of

citizenship exists. "A district court has to first determine, however, whether a Rule 12(b)(1)

motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that

distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v.*

*Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).

> A facial attack, as the adjective indicates, is an argument that considers a
> claim on its face and asserts that it is insufficient to invoke the subject matter
> jurisdiction of the court because, for example, it does not present a question
> of federal law, or because there is no indication of a diversity of citizenship
> among the parties, or because some other jurisdictional defect is present.
> Such an attack can occur before the moving party has filed an answer or
> otherwise contested the factual allegations of the complaint. A factual attack,
> on the other hand, is an argument that there is no subject matter jurisdiction
> because the facts of the case—and here the District Court may look beyond
> the pleadings to ascertain the facts—do not support the asserted jurisdiction.
> So, for example, while diversity of citizenship might have been adequately
> pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity
> is lacking.

*Id.* at 358.

In the case before us, the Complaint adequately pleads diversity of citizenship. (*See*

Compl. at 1-2 (alleging that Plaintiff is an adult individual residing in Pennsylvania and that

Defendant is a business organized and existing according to the laws of New Jersey, with a

registered business address in New Jersey).) Defendant merely claims that, whatever the

5

allegations of the Complaint may be, the Defendant is in fact a Pennsylvania citizen and resident. The Motion therefore presents a clear factual attack on the Complaint, and shall be evaluated accordingly.

In considering a factual attack on subject-matter jurisdiction, "the court may consider evidence outside the pleadings." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Moreover, "the burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675 (internal citations omitted). This is because, since the federal courts' jurisdiction is strictly limited by Constitution and statute, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.*

Finally, the Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed R. Civ. P. 12(h)(3). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, *even after trial and the entry of judgment*." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006) (emphasis added). Therefore, while Plaintiff's counsel complains of the perceived unfairness of the Court dismissing her case after the Clerk already entered default, (*see* Official Tr., Oral Argument, May 21, 2015, Doc. 39, at 25:24-26:22)—an entry which, in any event, occurred at a stage significantly antecedent to a post-trial judgment—her complaints are legally irrelevant. "Without jurisdiction the court cannot

proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868). This rule "'springs from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 511, 28 L. Ed. 462 (1884)). Accordingly, a party's personal desires—even if compelling—cannot expand the boundaries of federal jurisdiction beyond what the Constitution allows. *Cf. Brown v. Philadelphia Housing Auth.*, 350 F.3d 338, 346 (3d Cir. 2003) ("[I]t is well-settled that a party can never waive lack of subject matter jurisdiction.").

## IV.    Analysis

The factual disputes presently before the Court are as follows: (1) whether the Defendant New Jersey Discount Tire is a sole proprietorship or some other kind of legal entity and (2) whether New Jersey Discount Tire is a citizen of Pennsylvania or of New Jersey. The Court heard argument on these matters during the May 21, 2015 hearing. It then gave the parties additional time to submit supplemental documents addressing both issues. (*See* Doc. 39 at 30:17-31:2.) Defendant submitted supplemental documents, (*see* Def.'s Exs., Docs. 40-41), but Plaintiff did not.

The Court will now address each issue in turn.

7

### a. Entity Status

Defendant's entity status is integral to determining whether diversity exists. Different types of legal entities are treated differently for diversity purposes. Thus, a corporation, for instance, is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Conversely, district courts have held that "[f]or purposes of diversity jurisdiction, a sole proprietorship takes on the citizenship of its sole proprietor." *Cumberland Mut. Fire Ins. Co. v. Michael Gratz Insurers*, No. 12-2404, 2012 WL 6093295, at *2 (M.D. Pa. Dec. 7, 2012) (citing *Smith v. Agresta*, No. 04-5266, 2005 WL 950603, at *1 (E.D. Pa. Apr. 21, 2008) and *Beasley v. Klepp*, No. 87-4878, 1988 WL 96801, at *1 (E.D. Pa. Sep. 15, 1988)). Such holdings are not unique to the courts of the Third Circuit; our sister courts nationwide have consistently held the same. *See, e.g., Travelers Ins. Co. v. Broadway W. St. Assocs.*, No. 92-5650, 1994 WL 174242, at *6 (S.D.N.Y. May 5, 1994) ("It is well established that, where a party is a sole proprietorship, it takes on the citizenship of its proprietor.") (collecting cases); *see also Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) ("[I]f Wildewood in fact is a sole proprietorship operated by Lyle Lyerla, then Wildewood's citizenship for diversity purposes is the citizenship of Lyerla."); *Nostalgia Network, Inc. v. Lockwood*, No. 00-2418, 2001 WL 62594, at *4 (N.D. Ill. Jan. 25, 2001) ("Because Rayle & Partners is Rayle's sole proprietorship, its citizenship is the same as Rayle's.").

These decisions are in keeping with the standard definition of a sole proprietorship. Black's Law Dictionary defines "sole proprietorship" as a "business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." Black's Law Dictionary 1607 (10th ed. 2014). Unlike a corporation, union, or partnership, "a sole proprietorship has no legal existence apart from its owner." *Matter of Grand Jury Empanelled*, 597 F.2d 851, 859 (3d Cir. 1979). It therefore follows that the sole proprietorship should take on the citizenship of its owner as well.

All of the evidence in this case indicates that Defendant New Jersey Discount Tire is in fact a sole proprietorship. Defendant submits an Exhibit represented to be a status report from the New Jersey Business Gateway Business Entity Information and Record Service. (*See* Doc. 27, Ex. B.) The report, which is dated January 12, 2015, lists the business type of New Jersey Discount Tire as a "trade name," which is owned by Paul and Adrienne Spadola and was filed as such on January 3, 1997. (*Id.*) The same information can be accessed by the public online at the State of New Jersey Division of Revenue and Enterprise Service's Business Records Service. *See* Business Records Service, https://www.njportal.com/DOR/businessrecords/ (last accessed June 4, 2015). The Court takes judicial notice of the fact that a search for "New Jersey Discount Tire" as a trade name generates five results, all of which appear to contain different versions of the same address and are reported as owned by Paul Spadola or another person with the last name Spadola. Conversely, a search for "New Jersey Discount Tire" as a business entity generates one

9

result, which is for an LLC named "New Jersey Discount Tire II, LLC," located in a

neighboring town of Stanhope, New Jersey, and which includes as a registered agent one

Angelo J. Inglima, Jr. Though this second New Jersey Discount Tire is geographically near

Spadola's business, there is no reason to believe that they are the same entity, especially

given the fact that the New Jersey Discount Tire website represents its business address as

being the same address as Mr. Spadola's provided to the Court, in Newton, New Jersey.

*See* New Jersey Discount Tire, *Directions*, http://www.njdiscounttire.com/directions.html

(last accessed June 4, 2015).[1]

The remaining piece of evidence as to entity status also indicates that New Jersey

Discount Tire is a sole proprietorship. Defendant submitted a Form 1040 Schedule C United

States Tax Return, which is entitled "Profit or Loss from Business (Sole Proprietorship)."

(Doc. 27, Ex. A.) In the field entitled "Name of proprietor" it states "Paul Spadola." (*Id.*) In the

field entitled "Business name" it states "NJ Discount Tires." (*Id.*) There is no reason to doubt

the accuracy of this tax return. Indeed, the Court questioned counsel on this issue during

Oral Argument as follows:

> THE COURT: Let's look at what the Defendant here, Mr. Spadola, has
> submitted, [among other things,] a 1040 U.S. individual income tax return with
> an attached Schedule C.

---

[1] However, even if this were not the case, and further discovery would disclose New Jersey
Discount Tire II, LLC is in fact the entity involved this case, this would not change the diversity jurisdiction
analysis. "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks
Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Therefore, so long as Mr. Spadola is at least one
member of a hypothetical Defendant LLC—a conclusion to which both sides must agree—then the
outcome for diversity purposes is the same as it would be with regard to a sole proprietorship.

10

Now, I can tell you, as far as I know, if you're a proprietor, you submit a Schedule C. Do you disagree with that?

[Attorney Molly] Clark: No, Your Honor.

(Doc. 39 at 10:5-11.)

Despite carrying the burden of proof on establishing jurisdiction, Plaintiff has provided nothing that could call the Defendant's documentary evidence into question. At Oral Argument, the Court offered the Plaintiff the opportunity to provide evidence showing that the Defendant is not a sole proprietorship, but to no avail:

THE COURT: My question to you [i.e., Plaintiff] is, are you contending that [Defendant is] a corporation?

MS. CLARK: Yes, I'm contending that it's a business set up under the laws of New Jersey. I don't know if it's a corporation or not, I couldn't find anything for it, Your Honor.

THE COURT: Listen to me, please. Are you contending it's a corporation?

MS. CLARK: Yes.

THE COURT: All right, well, what have you given me in support of that proposition?

MS. CLARK: There's nothing on the entity on any corporation database or website that you could find.

THE COURT: So why would you contend it's a corporation, if there's nothing that you can provide to me to establish that?

MS. CLARK: Because, when I searched for it, way back when, when I filed the complaint, I did find it on the internet, and if you look on your website today—

THE COURT: I'm sorry, what did you find in your search?

MS. CLARK: That it was a business registered in the State of New Jersey.

THE COURT: Did it indicate it was a corporation?

MS. CLARK: No.

THE COURT: So again—

MS. CLARK: But it didn't indicate it was a sole proprietorship either, Your Honor. If you went today, like counsel just said, on their website and pull up New Jersey Discount Tire, the whole website is about how it's two brothers that started this business in New Jersey, it doesn't say a word about Pennsylvania. . . .

THE COURT: I want to know why you're contending it's a corporation. Isn't there an agency in New Jersey similar to the Pennsylvania Corporation Bureau in Pennsylvania—

MS. CLARK: Yes.

THE COURT: —that will tell you whether or not it's a corporation?

MS. CLARK: It doesn't tell you what it is.

THE COURT: So what do you have to tell me—

MS. CLARK: I don't, Your Honor, I don't have anything to tell you it's a corporation.

(*Id.* at 6:19-8:14.) Later, without further explanation, Plaintiff asserted, "In fact, he's in business with his brother, and it's a partnership." (*Id.* at 29:9-10.) Since the end of Oral Argument, Plaintiff has provided nothing to corroborate any of these assertions, despite being given the opportunity to do so. (*See id.* at 30:18-25.)

12

As discussed above, the Plaintiff bears the burden of establishing subject matter jurisdiction. She cannot discharge this burden by relying only on metaphysical doubts and speculations when Defendant has submitted actual evidence in the form of New Jersey state records and United States income tax returns showing that New Jersey Discount Tire is the sole proprietorship of Paul Spadola. Accordingly, the Court finds that Plaintiff has failed in her burden of proof on this issue, and concludes that the evidence shows Defendant to be a sole proprietorship.

### b. Citizenship

Having established that Defendant New Jersey Discount Tire is a sole proprietorship, the next question is whether the Defendant is a Pennsylvania or a New Jersey citizen. As discussed above, for purposes of diversity jurisdiction, a sole proprietorship takes on the citizenship of its sole proprietor. Thus, the operative issue becomes Paul Spadola's citizenship.

Defendant argues that Mr. Spadola is a citizen and resident of Pennsylvania. Specifically, Defendant argues that Spadola has resided in Bushkill, Pennsylvania since 1992. (See Def.'s Br. in Supp. of Mot. to Set Aside Default, Doc. 27, at 2.) In support of this, he provides, among other things a real estate tax notice for a Bushkill, Pennsylvania property for tax year 2013, (see id., Ex. C); a Pennsylvania driver's license in the name of Paul Spadola, which includes a picture of the man present at Oral Argument and the same Bushkill, Pennsylvania address, (see Doc. 33, Ex. 1, at 1); a Form 1040 U.S. Individual

Income Tax Return for Paul Spadola at the same Bushkill address, (*see id.* at 2); a State of

New Jersey *Nonresident* Income Tax Return for Paul Spadola at the same address, (*see id.*

at 5); a Pennsylvania Income Tax Return with the same information, (*see id.* at 7); an East

Stroudsburg, Pennsylvania Area School District school real estate tax reminder notice

addressed to Spadola's Bushkill address, (*see id.* at 12); various medical bills for Mr.

Spadola and his wife, addressed to a Bushkill address, (*see id.* at 13; Doc. 40 at 9); and a

bankruptcy petition filed in 2011—i.e., before Melissa Sharp's accident—listing the same

Bushkill address, (*see* Doc. 41 at 14).

Plaintiff nonetheless contends that Paul Spadola is a resident of New Jersey.

However, when asked for evidence for this contention at Oral Argument, counsel provided

many assertions but virtually no substantive support:

> MS. CLARK: Okay. In the event your Honor determines it is a sole proprietorship, Mr. Spadola is not a resident of Pennsylvania. He may own property in Pennsylvania, that doesn't make him a resident of Pennsylvania.
> The man testified at length, and I attached his deposition to our briefing—
>
> THE COURT: I've read it.
>
> MS. CLARK: —and he's—the business is in New Jersey, it's headquartered in New Jersey, he gets his mail in New Jersey, he gets his mail in New Jersey at his business, and he has testified to that and admitted that. I don't know what goes on in that Bushkill, PA residence, if he owns it, lives there, but the man is a resident of New Jersey, and I think his testimony fully confirms that. Indeed, he filed for bankruptcy in New Jersey.
>
> THE COURT: But, also, the schedule lists his residence as Bushkill. You did see that, didn't you?

MS. CLARK: Yes, Your Honor. I think he's a resident of New Jersey, and I think the overwhelming evidence indicates he's a resident of New Jersey.

THE COURT: What is your evidence that he's a resident of New Jersey?

MS. CLARK: He gets his mail in New Jersey, he has two businesses in New Jersey, he has filed for bankruptcy in New Jersey, he has other properties in New Jersey.

THE COURT: What does having businesses in New Jersey have to do with his residence?

MS. CLARK: Your Honor, I don't believe the man that he lives at that Bushkill, Pennsylvania address. If you read his deposition, it is riddled with inaccuracies. I never had a deposition like that in my life, to be honest with you, with the back and forth. He told me he filed bankruptcy in Pennsylvania, after I showed him the docket that said he filed it in New Jersey. He was still adamant in his testimony that he filed in PA.

THE COURT: I've read the deposition.

MS. CLARK: So I think his credibility has come into play. I don't believe that he lives in Bushkill, and I don't think the Court should just take his word for it.

(Doc. 39 at 8:16-10:4.)

Of course, to the extent that Plaintiff bases her argument on counsel's subjective

distrust for Mr. Spadola, she cannot meet her burden of overcoming the substantial

documentary evidence that Defendant provided. Nor does this Court believe that an

objective reading of the deposition testimony, (*see generally* Paul Spadola Dep., Doc. 30-4),

evokes the kind of sweeping mistrust that counsel suggests. While Mr. Spadola does at

times give what seems to be conflicting or inaccurate testimony, when read in context these

misstatements do not appear to be anything more than the general confusion of a layman unused to legal terminology or to the character of a hostile deposition.

Even more fundamentally, however, even if the Court were unwilling to credit any of Mr. Spadola's deposition testimony at all, it would still be faced with a great deal of documentary evidence, created by government officials with no interest in this case, by way of driver's licenses, income tax returns, real estate tax notices, and so on, all of which consistently demonstrate that Mr. Spadola lives in Pennsylvania. The fact that Mr. Spadola may have given inaccurate testimony about where he filed for bankruptcy does not change these facts.

The few substantive arguments that Plaintiff provides are similarly unhelpful. First, she argues that "Defendant submitted a status report from the New Jersey Business Gateway that lists Defendant's principals as 'PAUL & ADRIENNE SPADOLA . . . *PO BOX 908, NEWTON, NJ 07860*, which successfully contravenes Mr. Spadola's sworn testimony that he maintains a Pennsylvania address . . . ." (Pl.'s Br. in Opp. to Mot. to Set Aside Default, Doc. 30, at 15.) The document referred to is Defendant's Exhibit B to their Motion to Set Aside Default, which is discussed on page 9 of this Opinion. However, the document indicates that PO Box 908 is the *business address* of New Jersey Discount Tire; it does not purport to be the Spadolas' home address. (*See* Doc. 27, Ex. B, at 1.) Therefore, Plaintiff's argument sheds no light on the dispositive issues.

Next, Plaintiff argues that the fact that Spadola testified that he receives mail in New Jersey somehow establishes that he is a New Jersey resident. (Doc. 30 at 15 (citing Paul Spadola Dep. at 94).) But this mailing address simply appears to be Spadola's business address. There is no doubt that Mr. Spadola owned a business in New Jersey, from which fact one could reasonably deduce that he receives mail there. These facts do not establish New Jersey residency.

Finally, Plaintiff states: "Most intriguing, Mr. Spadola filed for bankruptcy in a New Jersey District Court. The docket clearly shows his name and lists his address as P.O. Box 908, Newton, New Jersey 07860." (*Id.* at 16.) But, far from supporting Plaintiff's argument, the bankruptcy filings actually provide proof of Spadola's *Pennsylvania* residency. The Bankruptcy Petition provides his Bushkill, Pennsylvania address in the field "Street Address of Debtor." (Doc. 41 at 14.) It then lists his mailing address as "PO Box 908, Newton, NJ." (*Id.*) This latter fact, however, is of no moment. The fact that Mr. Spadola may choose to receive mail at his business rather than his home address is irrelevant for jurisdictional purposes. Nor can the Court find any reason to imply New Jersey residency from the mere fact that Spadola filed for bankruptcy in New Jersey. A debtor may initiate a bankruptcy proceeding wherever jurisdiction and venue are proper; he is not confined only to his home state.

17

### c. Subject-Matter Jurisdiction Does Not Exist and The Clerk's Entry of Default is Null and Void

For all of these reasons, the overwhelming evidence demonstrates that Paul Spadola is a resident of Pennsylvania. This residency flows to his sole proprietorship, New Jersey Discount Tire. Because Plaintiff Melissa Sharp is also a Pennsylvania resident, this means that diversity does not exist. The Court is therefore without jurisdiction to hear this action.

"If there is a total want of jurisdiction, the proceedings are void and a mere nullity, and confer no right, and afford no justification . . . ." *Vorhees v. Jackson, ex dem. Bank of United States*, 35 U.S. (10 Pet.) 449, 477, 9 L. Ed. 490 (1836). Thus, "[w]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the case in its entirety." *Arbaugh*, 546 U.S. at 514, 126 S. Ct. at 1244. Because the Court cannot continue to hear this case in the absence of jurisdiction, it cannot and need not proceed to the question of whether the Clerk's entry of default should be set aside. The absence of jurisdiction makes the entry of default a nullity and, in any event, would prevent this Court from converting the entry into a default judgment. *Cf. Dambach v. United States*, 211 Fed. App'x 105, 109 (3d Cir. 2006) ("Defendants, in essence, had a meritorious defense to the action—one that the District Court would have been obligated to consider *sua sponte* before entering default judgment—the lack of subject-matter jurisdiction."). Thus, the entry of default, along will the entire case, will be dismissed.

18

## V.   Conclusion

For the foregoing reasons, Defendant's Motion to Set Aside Entry of Default (Doc.

26) is **GRANTED** insofar as it seeks dismissal for lack of subject matter jurisdiction. A

separate Order follows.

Robert D. Mariani
United States District Judge