IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELISSA SHARP, :
:
:
**Plaintiff,** :
:
v. : 3:14-CV-00663
: (JUDGE MARIANI)
NEW JERSEY DISCOUNT TIRE, :
:
**Defendant.** :

## OPINION AND ORDER

The background of this Order is as follows. On June 5, 2015, this Court issued a Memorandum Opinion (Doc. 42) and accompanying Order (Doc. 43) dismissing the above-captioned diversity action on the ground that no subject matter jurisdiction exists, given that both Plaintiff and Defendant are Pennsylvania citizens. Though the issue arose via a Motion by the Defendant to Set Aside the Clerk's Entry of Default, the Court stated in its Opinion that, because no subject matter jurisdiction exists, it was unnecessary to consider the traditional bases for setting aside default. (*See* Doc. 42 at 18.) Rather, the lack of subject matter jurisdiction makes all prior proceedings "void and a mere nullity." (*Id.*) The Court stated that the "absence of jurisdiction makes the entry of default a nullity and, in any event, would prevent this Court from converting the entry into a default judgment." (*Id.*) Because the lack of subject matter jurisdiction meant that this Court never had the power to hear this case from the outset, it constitutionally could not and would not proceed further to consider the overall fairness of setting aside the Clerk's entry of default. The Court noted Plaintiff's

objections that dismissing her case after the Clerk already entered default would be unfairly prejudicial, but stated that "a party's personal desires—even if compelling—cannot expand the boundaries of federal jurisdiction beyond what the Constitution allows." (*Id.* at 6-7.)

Plaintiff then filed a Motion styled "Plaintiff's Motion for Clarification, or in the Alternative Motion for Reconsideration of the June 5, 2015 Order of Court." (Doc. 44.) It is to this Motion that the Court now turns.

At the outset, Plaintiff's Motion misrepresents the procedural history of this case by stating that the Court's last Opinion arose out of an entry of default *judgment* instead of merely the *Clerk's* entry of default. (*See* Doc. 44 at ¶¶ 3, 4, 6, 8.) Though an entry of default and a default judgment would equally be considered legal nullities in the event that a federal district court lacks subject matter jurisdiction—thus making the precise characterization legally irrelevant—Plaintiff's misuse of words nonetheless appears to be a deliberate and inappropriate attempt to make her position seem stronger than it is, from an equitable perspective. This mischaracterization is all the more culpable because the Court already put counsel on notice of it during Oral Argument:

> MS. CLARK: We would have to try the case on liability and start from scratch, when [Plaintiff] has a judgment now, and I really don't think that's appropriate in this case.
>
> THE COURT: She has an entry of default, she has no judgment.
>
> MS. CLARK: But I would have to have a hearing on damages.

2

> THE COURT: You would have to have a hearing on damages, but you don't have a judgment, you have an entry of default by the Clerk of this Court, not by me. There's no entry of judgment in this case by me.

(Oral Argument Tr., May 21, 2015, Doc. 39, at 26:17-27:1.) Given such notice, Plaintiff's attempt to pass off the same mischaracterization in a later formal motion before the Court can only be construed as intentional.

Next, Plaintiff appears to object to the Court's decision to dismiss the case on the "sole basis" of lack of subject matter jurisdiction, without also considering the equities of whether to set aside default. (See Doc. 44 at ¶¶ 4-9, 13-14.) This argument indicates incomprehension of the very concept of jurisdiction. The federal courts are courts of limited jurisdiction and cannot constitutionally proceed in cases where jurisdiction does not lie. Thus, not only was it appropriate for the Court to cease its consideration of this case at the time it determined that it lacked jurisdiction, but the Court was also constitutionally required to do so. These points, however, were extensively detailed in the Court's Memorandum Opinion and need not be revisited here.

This brings us to the relief requested in Plaintiff's Motion. First, Plaintiff complains that the Court's Order "does not provide where jurisdiction lies, and Plaintiff respectfully submits that the Order should be clarified to provide for jurisdiction." (*Id.* at ¶ 10.) If Plaintiff is asking that the Court advise her as to where she should refile her case, her request is wholly inappropriate. This Court sits as a neutral arbiter of disputes; it does not single out one party as the recipient of legal advice, especially when that party has retained a trained

3

attorney for that very service. Moreover, the Court is puzzled as to how it could hypothetically clarify its Order to "provide for jurisdiction." The issue before it was not an issue of selecting the most appropriate forum; it concerned the federal courts' constitutional and statutory authority to hear a diversity case between citizens of the same state. All federal courts are bound by the same jurisdictional rules, and all will be equally unwilling to entertain a diversity lawsuit between citizens of the same state. To the extent that Plaintiff wonders which state court has jurisdiction of the case, that is a question of state law that should have been decided by her attorney, and not by this Court through an attempt to obtain an advisory opinion.

Finally, Plaintiff requests that we either "remand[] the case to the Court of Common Pleas of Monroe County; or dismiss[] Plaintiff's claims without prejudice to pursue the same in the Court of Common Pleas of Monroe County." (*Id.* at ¶ 15.) Of course, this Court cannot "remand" this case to Monroe County because the case never originated in Monroe County. Plaintiff herself freely decided to file this case in federal court. (*See* Compl., Doc. 1.) Given this choice, the Court cannot and will not now unilaterally foist the action on a separate and independent state judiciary that never once exercised jurisdiction over it. This being said, Pennsylvania law provides procedures for the transfer of erroneously filed matters from federal to state court that may or may not have application to this case. The Court's Orders should not be interpreted as precluding any otherwise available means of transferring the case under state law.

**AND NOW, THIS 19TH DAY OF JUNE, 2015**, upon consideration of Plaintiff's Motion to Clarify or Reconsider the Court's June 5, 2015 Order (Doc. 44), **IT IS HEREBY THAT** such Motion is **DENIED**.

Robert D. Mariani
United States District Judge